IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAFFOUR BOAKYE, individually and on behalf of similarly situated individuals<br><br>**Plaintiff**<br><br>v.<br><br>**EOG RESOURCES INC.**<br><br>**Defendant** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT

Plaintiff Baffour Boakye, ("Plaintiff" or "Boakye"), individually and on behalf of all others similarly situated as individuals, upon personal knowledge as to him and upon information and belief as to other matters, allege as follows:

### SUMMARY

1. Defendant EOG Resources, Inc. ("EOG") is one of the largest crude oil and natural gas exploration and production companies in the United States.

https://www.eogresources.com/documents/EOG%20Fact%20Sheet%20(April%202023).pdf

2. Defendant's policy of paying these employees on an hourly basis with no overtime pay, violates the Fair Labor Standards Act ("FLSA").

3. This Collective Action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

4. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts substantial business in this District, and subjecting the workers in case to Defendant's improper and illegal payroll practices.

## PARTIES

6. Plaintiff Boakye was employed by Defendant as an hourly employee. Boakye is domiciled in Texas and assigned to work from Defendant EOG's headquarters in Houston, Texas.

7. Plaintiff Boakye's written consent to this action is attached. (Exhibit "A").

8. The FLSA class of similarly situated workers consists of:

Individuals employed by Defendant as Analysts, further defined as individuals employed by Defendant during the last three years who were paid on an hourly basis, and held the positions of Real-Time Data Engineer, Data Analyst, Real-Time Data Analyst, and /or Real Time Drilling Analyst (collectively referred to as "Analysts").

9. Defendant EOG Resources Inc. is a Delaware corporation doing business in the State of Texas. The headquarters for EOG is at 1111 Bagby, Sky Lobby 2, Houston, Texas 77002. Defendant EOG may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136, or wherever they may be found.

10. Boakye represents a class of similarly situated co-workers.

## FACTS

11. EOG is an oil and gas exploration and production company with operations throughout the United States.

12. To complete their business objectives, EOG hires personnel to provide technical

support for its operations in the field.

13. Plaintiff was assigned to work at Defendant's headquarters in Houston. Defendant has offices in Denver, Colorado; Oklahoma City, Oklahoma; Artesia, New Mexico; Midland, Texas; Houston, Texas; San Antonio Texas; and Corpus Christi, Texas.

14. Starting in March of 2020, Defendant assigned telephone tech support to work remotely from home.

15. Over the past three years, EOG employed dozens of individuals – including Boakye – as Analysts (or similar positions) in several states.

16. Boakye worked for EOG as a Real-Time ("RT") Data Analyst from about September 9, 2017, until January 2023.

17. Based on reasonable belief, in the last three years, EOG had Analyst assigned to work out of their office in Colorado.

18. Based on reasonable belief, in the last three years, EOG had Analyst assigned to work out of their office in Oklahoma.

19. Based on reasonable belief, in the last three years, EOG had Analyst assigned to work out of their office in New Mexico.

20. Defendant employed Plaintiff and other Analysts on an hourly basis.

21. Plaintiff's compensation changed every week depending on the quantity of work.

22. Throughout his time with EOG, Boakye was paid on an hourly basis.

23. EOG did not pay the Plaintiff and the Analysts on a salary basis.

24. EOG pay Plaintiff and the Analyst based on a compensation scheme that changed based on the quality or quantity of work.

25. Although these workers regularly work more than 40-hour workweek, Defendant

did not pay them overtime until after September 2, 2022.

26. While the exact job titles and job duties may differ, these workers are subjected to the same or similar illegal pay practices for similar work.

27. Until September 2, 2022, EOG paid Analysts on hourly basis and did not pay them time and one-half of the regular rate of pay for any work in excess of: (1) forty hours per workweek.

28. Based on reasonable belief, up to September 2, 2022 EOG paid Analysts in Colorado on hourly basis and did not pay them time and one-half of the regular rate of pay for any work in excess of: (1) forty hours per workweek, (2) twelve hours per workday, or (3) twelve consecutive hours.

29. Based on reasonable belief, up to September 2, 2022, EOG paid Analysts in New Mexico on hourly basis and did not pay them time and one-half of the regular rate of pay for any work in excess of: (1) forty hours per workweek.

30. Based on reasonable belief, up to September 2, 2022, paid Analysts in Oklahoma on hourly basis and did not pay them time and one-half of the regular rate of pay for any work in excess of: (1) forty hours per workweek.

31. For example, Boakye worked 67.5 hours the week of August 27, 2022 and was paid straight time for all hours worked, including overtime hours worked.

32. For example, Boakye worked 50 hours the week of June 27, 2020 and was paid straight time for all hours worked, including overtime hours worked.

33. As a Real-Time Data Analyst, Boakye's primary job duties (and the job duties of all other support Analysts employed by EOG who were classified as exempted employees) included monitoring data coming from EOG's Drilling and Completion well sites and providing real time data support to EOG's drilling and completions crews on those locations.

34. Analyst job duties include providing support, checking emails, escalating issues, answering phone calls, perform remotely predetermined system commands, and prepare reports. The job duties of an Analyst do not include programming, testing or decision making.

35. Analysts communicate with end users, field personnel, and rig personnel.

36. Analysts work workdays that are usually 12 hours long.

37. Analysts work either day shift or night shift.

38. Analysts work on rotating weekends.

39. Analysts work holidays.

40. Analysts respond to tickets from monitoring team or users to resolve issues affecting Drilling and Completions data from EOG's monitors during drilling and completion operations.

41. Analysts take phone calls and create tickets for end user issues.

42. Boakye and other Analysts worked well in excess of 40 hours in some weeks of each month while employed by EOG.

43. The work Boakye and other Analysts performed was an essential part of EOG's core business.

44. EOG is an American petroleum and natural gas exploration company headquartered in Houston, Texas.

45. In each of the past three (3) years, Defendant's gross revenue has exceeded $500,000 .

46. Defendant paid Baffour Boakye, and other Analysts at an hourly rate.

47. While the precise job duties of the Analysts may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

5

*Original Complaint*

48. Indeed, the daily and weekly activities of the Analysts were routine and largely governed by standardized plans, procedures, and checklists created by EOG.

49. Virtually every job function at the well site was pre-determined by EOG, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

50. The Analysts were prohibited from varying their job duties outside of the pre-determined parameters.

51. The Analysts did not have any supervisory or management duties and to the extent that they did, they performed those duties solely on EOG's behalf and as EOG's representative.

52. None of Defendant's Analysts received/receive overtime pay.

53. Defendant knows their Analysts work more than forty (40) hours in a workweek. Defendant knows their Analysts are not exempt from the overtime provisions of the FLSA.

54. Nonetheless, Defendant did not pay its Analysts overtime for hours worked in excess of forty (40) in a workweek.

55. Defendant misclassified Plaintiff and Collective Members as exempted employees.

56. At all times relevant to this case, Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

### VIOLATION OF THE FLSA

57. Plaintiff incorporates the proceeding paragraphs by reference.

58. At all relevant times, Defendant have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

59. Defendant employed Plaintiff and other Analysts.

60. Defendant's pay policy denied Plaintiff and Analysts overtime compensation as required by the FLSA.

61. Defendant's failure to pay Plaintiff and Analysts overtime at rates not less than one and one-half times their regular rates violate 29 U.S.C. § 207.

62. Defendant's conduct, as described herein, was in willful violation of the FLSA.

63. Due to Defendant's FLSA violations, Plaintiff and Analysts are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs and expenses of this action.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

64. Boakye brings this claim under Section 216(b) of the FLSA as a collective action.

65. The same policy that caused Boakye to be denied their overtime pay caused Defendant's other Analysts to be denied their overtime pay.

66. While the precise job duties performed by the Analysts might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

67. Nor do any differences in job duties matter for determining whether Defendant's policy of not paying overtime is legal.

68. The Analysts are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

69. Because Defendant uniformly failed to pay overtime, Plaintiff and Analysts are similarly situated within the meaning of 29 U.S.C. § 216(b).

70. Upon information and belief, Defendant employed numerous Analysts like Plaintiff during the past three (3) years.

71. Nearly all of the questions related to Plaintiff and Analysts can be answered on a collective basis.

72. Defendant's practice of refusing to pay overtime is based on established companywide policies.

73. The most important questions presented in this case can be resolved on a collective-wide basis.

74. Absent a collective action, many Analysts likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

75. Furthermore, individual litigation would be unduly burdensome to the judicial system.

76. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

## COLLECTIVE DEFINITION

77. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> Individuals employed by Defendant as Analysts, further defined as individuals employed by Defendant during the last three years who were paid on an hourly basis and were paid straight time for overtime, and held the positions of RT Data Engineer, Data Analyst, RT Data Analyst, and/or Real Time Drilling Analyst ("Analysts").

## PRAYER

**WHEREFORE**, Baffour Boakye prays for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Analysts to permit them to join this action by filing a written notice of consent;

2.      Judgment against Defendant EOG Resources Inc., awarding Plaintiff and the other Analysts all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3.      Pre- and post-judgment interest at the highest rate allowable by law; and

4.      All such other and further relief to which Plaintiff and the other Analysts may show themselves to be justly entitled.

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and On Behalf of All Others Similarly Situated**

*Original Complaint*